JOHN H. CHEEVER, Respondent, *v.* AVERY T. BROWN, as Assignee, etc., Appellant.

A creditor, seeking to recover of his debtor a balance alleged to be due, where the amount of the indebtedness to him is undisputed, should not be turned out of court because he does not show how much should be deducted therefrom by way of credit.

(Argued October 8, 1891; decided October 27, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 14, 1890, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion which is given in full:

"For some years prior to January 18, 1884, William H. Guion was a member of the firm of Williams & Guion. That firm originally consisted of John S. Williams, Stephen B. Guion and William H. Guion. Williams died in 1876, and the firm business was continued under the same firm name by the surviving partners until January 18, 1884, when William H., having became insolvent, made a general assignment for the benefit of his creditors to the defendant Brown, and the firm became thereby dissolved and went into liquidation. Subsequently in a creditor's suit William H. Guion was appointed receiver of the assets of the firm and acted as such. This action was brought by the plaintiff, a creditor of William H. Guion, on behalf of himself and other creditors against the defendant as assignee, for an accounting. A referee was appointed in the action to take proof of the claims against the assigned estate, and William H. Guion, as receiver of the firm, presented a claim of $106,937.82 for a balance of indebted-

ness due the firm from him individually. The referee dis-
allowed the claim, and his report thereon has been confirmed.

" There was no conflict in the evidence before the referee,
and no one, so far as the record discloses, made any contention
then that the claim was not sufficiently proved. The referee,
however, disallowed the claim on the ground that the balance
due from William H. Guion to the firm was not rendered
sufficiently certain. There was no dispute or doubt upon the
evidence that Guion owed the firm at the time of his assign-
ment for money loaned to him $205,186.05, besides interest,
and upon general account, the general nature of which was
explained in the evidence, the further sum of $338,270.21.
Guion admitted that from the amount of these two sums and
the interest there should be deducted on account of his profits
in the firm the estimated sum of $464,000, and the balance
claimed was thus reached. The referee rejected the claim, not
because of any uncertainty in the amount of the two debit
items, but on account of the uncertainty in the amount to be
deducted for a credit. The firm books were put in evidence;
the surviving bookkeepers were sworn; Guion gave his evi-
dence, and there was proof of an adjustment of the firm
accounts between the two surviving members of the firm as
they existed at the date of the assignment. Here was appar-
ently all the proof that could be given by living witnesses and
the books of the firm, and if the evidence as to the amount to
be deducted from the undisputed indebtedness of Guion to
the firm was still uncertain, that furnishes no adequate reason
for rejecting the whole claim. A creditor presenting a claim
against his debtor should not be turned out of court because,
the amount of the debt being undisputed, he does not show
how much should be deducted therefrom by way of credits.
Guion, in presenting this claim, represented the creditors of
the firm, and the evidence showed *prima facie* that he
owed a large amount to the firm at the time of his assignment.
Those creditors are entitled to share with other creditors in
the proceeds of the assigned estate, and who shall suffer if
such other creditors are unable to show how much for credits
shall be deducted from the undisputed sums for which Guion
became indebted to the firm? Guion and the bookkeepers of

the firm arrived at the amount of credits as well as they could, using all the information within their reach. No suspicion attached to their methods, and, in the absence of better proof, we know of no reason why this evidence should not have been taken as the best attainable, and, therefore, satisfactory. With the books of the firm, the bookkeepers and Guion as witnesses, it cannot be impossible to reach with sufficient accuracy the true amount of the firm claim, and a further hearing and a more careful and searching examination of the evidence are due to the case.

" We are, therefore, of opinion that the orders of the General and Special Terms should be reversed, and the exceptions by William H. Guion, receiver, to the report of the referee be sustained, the report as to him be set aside, and that his claim be heard before a new referee to be appointed by the Supreme Court, and that the costs of this appellant in all the courts be paid out of the assigned estate."

*Clark Bell* for appellant.

*W. M. Jenks, Albert W. Seaman* and *William Allen Butler* for respondent.

All concur, ANDREWS, J., in result, and GRAY, J., not voting.

Ordered accordingly.